Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **NATHAN ROWAN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**HEFTEL BROADCASTING COMPANY LLC**, a Nevada company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Nathan Rowan ("Plaintiff" or "Rowan") brings this Class Action Complaint, and Demand for Jury Trial against Defendant Heftel Broadcasting Company L.L.C. ("Defendant" or "Heftel Broadcasting") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls to consumers who are registered on the National Do Not Call Registry without consent, including pre-recorded calls. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Rowan, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## PARTIES

1. Plaintiff Nathan Rowan is a resident of Baltimore, Maryland.

2. Defendant Heftel Broadcasting, L.L.C. is a Nevada limited liability company. Defendant Heftel Broadcasting conducts business throughout this District and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant, and the venue is proper because Defendant resides in this District, and the wrongful conduct giving rise to this case was directed to Plaintiff by Defendant from this District.

## INTRODUCTION

5. The Supreme Court recently explained that "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government received a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that Americans received more than 18 million telemarketing calls every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful robocalling technology, Americans were receiving more than 100 million telemarketing calls every day. *In re Rules and Regulations Implementing the TCPA of 1991*, 18 F.C.C. Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

CLASS ACTION COMPLAINT
-2-

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to the online robocall tracking service "YouMail," 4 billion robocalls were placed in May 2022 alone, at a rate of 128.7 million calls per day. www.robocallindex.com (last visited June 14, 2022).

11. The F.C.C. also has received an increasing number of complaints about unwanted calls. F.C.C., Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the F.C.C." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of F.C.C. chairman.[1]

13. "The F.T.C. receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, C.G. Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Heftel Broadcasting is an entertainment company that owns several radio stations.[3]

15. Defendant Heftel Broadcasting also conducts business under the name 541 Travels and owns and operates the website www.541travels.com. Doing business as 541 Travels, Defendant Heftel Broadcasting places cold calls to consumers to sell them travel packages, including to phone numbers listed on the Do Not Call Registry, without ever obtaining consent to place such calls to such phone numbers, like in the case of the Plaintiff.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://highwayradio.com/

CLASS ACTION COMPLAINT
-3-

16. Defendant Heftel Broadcasting also uses pre-recorded voice telemarketing calls, despite having never obtained the necessary consent required to place the calls.

17. Other consumers have posted complaints about receiving unsolicited calls from 209-217-9669, the same phone number from which the Defendant also called Plaintiff Rowan, for instance:

- [4]

### PLAINTIFF ROWAN'S ALLEGATIONS

18. Plaintiff Rowan registered his residential cell phone number on the D.N.C. on June 4, 2005.

19. Plaintiff's number is for personal use and not associated with a business.

20. On January 24, 2022, at 1:30 PM and 5:39 PM, Plaintiff received unsolicited calls from the phone number 209-392-4193. Plaintiff did not answer these calls.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] https://800notes.com/Phone.aspx/1-209-217-9669

>  **Potential Spam**
>  +1 (209) 392-4193
>  Dos Palos, CA
>
>  message  call  video  mail  pay
>
>  January 24, 2022
>  5:39 PM  Missed Call
>  1:30 PM  Missed Call

21. On January 25, 2022, at 1:24 PM, Plaintiff received another call from the phone number 209-392-4193 to his cell phone. Plaintiff answered the call, and said "Hello" a few times but no one answered him, and the call disconnected.

> **Potential Spam**
> +1 (209) 392-4193
> Dos Palos, CA
>
> message  call  video  mail  pay
>
> January 25, 2022
> 1:44 PM  Incoming Call
> 10 seconds

22. Plaintiff continued to receive a series of calls from the same phone number, 209-392-4193, which he did not answer, on:

- January 25, at 5:50 PM
- January 26, at 12:26 PM
- January 26, at 2:40 PM
- January 26, at 5:00 PM
- January 27, at 1:26 PM
- January 27, at 5:29 PM
- January 28, at 12:15 PM
- January 28, at 4:20 PM

- January 29, at 4:15 PM
- January 30, at 2:03 PM
- January 31, at 12:17 PM
- January 31, at 3:39 PM

23. On February 1, 2022, at 1:20 PM, Plaintiff Rowan received another call from 209-392-4193, which he answered. The call began with a pause before a live female agent came on the line and asked, "Is this Nathan?" The female agent said she was with 541 Travels and started soliciting tour and travel packages to Las Vegas. Frustrated at receiving these calls and to identify the telemarketer since 541 Travels is a generic name, Plaintiff played along and was transferred to a Program Director, Cory Tracy. Plaintiff Rowan purchased the advertised package to find out which company was responsible for these cold calls and was transferred to Defendant's verification officer, Miles Parker, who confirmed Plaintiff's purchase.

24. Shortly after the call, Plaintiff received an email confirming his purchase of the vacation package from Defendant Heftel Broadcasting Company for $399.

```
---------- Forwarded message ---------
From: HEFTEL BROADCASTING CO <noreply@gge4mailer.com>
Date: Tue, Feb 1, 2022 at 1:36 PM
Subject: Receipt from HEFTEL BROADCASTING CO
To: <nathan.j.rowan@gmail.com>


Vacation Package


Receipt follows:
_____
========== TRANSACTION RECORD ==========
HEFTEL BROADCASTING CO
800 S VALLEY VIEW BLVD
LAS VEGAS, NV 89107
United States


TYPE: Purchase

ACCT: Visa           $ 399.00 USD

CARDHOLDER NAME : Nathan J Rowan
```

CLASS ACTION COMPLAINT
-6-

25. Shortly after this, at 3:15 PM, Plaintiff received another email from the Defendant's employee using the email id mike@541travels.com, confirming the details of the vacation package he had just purchased from Defendant.

26. Plaintiff Rowan continued to receive calls from Defendant Heftel Broadcasting, including the following:

- On February 2, 2022, at 2:45 PM, from the phone number 209-392-4193. Plaintiff did not answer this call.

- On February 4, 2022, at 6:07 PM, from the phone number 209-217-9669. Plaintiff did not answer this call.

- On February 4, 2022, at 7:14 PM, from the phone number 209-217-9669. Plaintiff did not answer this call.

- On February 5, 2022, at 5:10 PM, from the phone number 209-217-9669. Plaintiff did not answer this call.

- On February 6, 2022, at 12:56 PM, from the phone number 209-217-9669. Plaintiff did not answer this call.

- On February 6, 2022, at 4:17 PM, from the phone number 209-217-9669. Plaintiff did not answer this call.

- On February 7, 2022, at 3:32 PM, from the phone number 209-217-9669. Plaintiff did not answer this call.

- On February 7, 2022, at 7:33 PM, from the phone number 209-217-9669. Plaintiff answered this call and spoke to an agent from 541 Travels and was soliciting the same travel package to Las Vegas as the one Plaintiff had purchased from Defendant Heftel Broadcasting on the call from 209-392-4193 on February 1, 2022.

27. On February 5, 2022, at 1:06 PM, Plaintiff received a call from the phone number 209-217-9669 to his cell phone. Plaintiff answered this call, and a pre-recorded message in a male voice said, "Oh, sorry! I almost didn't hear you for a second. I'm calling on behalf of Caesar's and M.G.M. Properties in Las Vegas. How are you today?" Plaintiff disconnected the call.

28. Plaintiff was not looking to buy travel or vacation packages and did not give his express written consent to Defendant or its agents to place telemarketing calls to his cell phone.

CLASS ACTION COMPLAINT
-7-

29. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Rowan in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

30. Seeking redress for these injuries, Plaintiff Rowan, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Rowan brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff.
>
> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent on behalf of the Defendant, called more than one time, (2) within any 12-month period, (3) where the person's cell phone number had been listed on the National Do Not Call Registry for at least thirty days (4) for a similar purpose as Plaintiff was called.

32. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes. Those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

 (a) whether Defendant or its agents placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

 (b) whether Defendant placed multiple calls to Plaintiff and members of the Do Not Call Registry class without first obtaining consent to make the calls;

 (c) whether the calls constitute a violation of the TCPA;

 (d) whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited pre-recorded calls; and

 (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Rowan will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in class actions. Plaintiff Rowan has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Rowan and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff Rowan nor his counsel have any interest adverse to the Classes.

36. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards

of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct concerning the Classes as wholes, not on facts or law applicable only to Plaintiff Rowan. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Pre-recorded No Consent Class)**

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. Defendant Heftel Broadcasting and/or its agents transmitted unwanted telephone calls to Plaintiff Rowan and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express written consent of Plaintiff Rowan and the other members of the Pre-recorded No Consent Class.

40. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). Because of Defendant's conduct, Plaintiff Rowan and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Rowan and the Do Not Registry Class)**

41. Plaintiff repeats and realleges paragraphs 1 through 36 of this Complaint and incorporates them by reference.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating or causing to be initiated telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Rowan, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Rowan requests a jury trial.

DATED this 16th day of June, 2022.

**NATHAN ROWAN**, individually and on behalf of all others similarly situated,

By: /s/ *Jeffrey A. Cogan*
Jeffrey A. Cogan, Esq.
JEFFREY A. COGAN CHARTERED, a PLLC
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada  89014-3191
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
Email: jeffrey@jeffreycogan.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the putative Class*

---

CLASS ACTION COMPLAINT
-13-